## BUYER BOUND BY APPLICATION OF PAYMENTS MADE BY THE SELLER.

Circuit Court of Cuyahoga County.

EVAN H. HOPKINS, RECEIVER OF THE CAREY CONSTRUCTION CO., AND THE HUNKIN-CONKEY CONSTRUCTION CO. v. THE CLEVELAND & PITTSBURG COAL CO.

Decided, May 15, 1911.

*Application of Payments—Entire Contract—Material Shipped to Different Jobs.*

Upon a single contract for 10,000 barrels of cement to be delivered at one place, by direction of the buyer shipments of part was made to different places where it went into buildings and for which, by reason of the failure of the buyer, the seller was obliged to file mechanic's liens, whereupon it applied previous payments on the entire contract in its discretion, upon the several liens, having no direction from the buyer as to the application of payments. In an action against one who had assumed one of the contracts where the buyer had used cement for which a lien had been filed, *Held:* It was bound by the application of payments made by the seller.

*Thompson & Hine,* for plaintiff in error.
*Lang, Cassidy & Copeland,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an agreed case, submitted without action, pursuant to the statute.

It seems that the Cleveland & Pittsburg Coal Company sold 10,000 barrels of cement to the Carey Construction Company, price stipulated being $1.30 per barrel, f.o.b. Cleveland. It shipped the cement to various places, in Cleveland and Detroit, as directed by the construction company, where the latter company had building contracts.

Among other shipments was one of 2,400 barrels to Detroit, on which the construction company paid the freight, amounting to $759.05, and forwarded the receipted bills to the coal company, which agreed to a credit of $547.20, being the freight paid from point of shipment to Cleveland, which it had agreed to pay.

The cement shipped to Detroit was used in the construction of the Fairview Pumping Station job, so-called, which the Carey Construction Company was engaged in building. That company failed, a receiver was appointed, and he, under the authority of court, sold to the Hunkin-Conkey Construction Company all right, title and interest in said contract, and the latter company assumed and agreed to pay all bills for material in connection with said work.

The Hunkin Company claims that said sum of $547.10 overpaid on the freight of said 2,400 barrels of cement shipped to Detroit, should be credited as payment on said 2,400 barrels account. The coal company says it has applied said sum on cement furnished the so-called "Yates" job in Cleveland. The court found with the coal company.

We think this conclusion correct. Here was one account for 10,000 barrels of cement. Various items were charged as shipments were made; credits of payments were made by the coal company on the account generally, until, after failure of the Carey Company, it became necessary to file attested accounts against various jobs where the cement had been used, and the coal company elected to credit this $547.20 on the "Yates" job.

This it had a right to do, in the absence of previous directions from the Carey Company as to the application of said credit. The Carey Company never gave any direction with regard thereto, and we see nothing in the circumstances of the case obviating the necessity for such direction.

Judgment affirmed.